■ SODUS CENTRAL SCHOOL, Appellant-Respondent, v DONALD RHINE et al., Respondents-Appellants, and CHRISTINE WILLIAMS et al., Respondents.— Order and judgment unanimously affirmed, without costs. Memorandum: On June 18, 1974 and again on July 18, 1974 the voters of Sodus Central School District defeated the budget proposed by the board of education for the 1974-1975 school year. On August 12, 1974 and on September 30, 1974 the voters turned down separate propositions for the appropriation of funds for students' supplies. On August 27, 1974 the board of education adopted a student supply fee schedule allegedly pursuant to subdivision 5 of section 701 of the Education Law. A basic annual fee of $20 was imposed for all primary school students, $15 for all intermediate school students and $10 for junior and senior high school students. Extra fees were charged to students enrolled in certain courses including art, home economics, music, science, and industrial arts. These fees were intended to cover the expenses for such classroom supplies as magnets, lenses, dry cells, chemicals, chemical stains, test papers, athletic equipment, paper clips, tape, glue, erasers, pencils, crayons and clay. In accordance with the fee schedule approximately 1,200 invoices were sent on October 31, 1974 to parents of students enrolled in the Sodus Central School System and in early May, 1975 plaintiff, Sodus Central School, began instituting collection proceedings against approximately 500 families which had failed to pay the fees for which they had been billed. Defendant, Donald Rhine, is the father of eight children and was assessed $20 for each of three children in grades K-3, $15 for each of two children in grades 4 through 6, and $20 and $15 for children in grades 7, 9 and 11 respectively. Mr. Rhine tendered restrictively indorsed checks which the school district refused to accept. Defendant, Jean Timmerman, was assessed the sum of $15 for her daughter who attends grade school and $20 for her son who attends secondary school. She is an indigent

receiving public assistance and has instituted a third-party complaint against the Wayne County Department of Social Services for funds to pay the school fees. Six actions commenced in the Justice Courts were removed to the Supreme Court and consolidated into one action for trial. Plaintiff, Sodus Central School, moved for summary judgment on the six consolidated actions. Defendants Rhine and Timmerman counterclaimed for declaratory judgment declaring the assessment unauthorized and contrary to law, restraining the school district from enforcement of the special assessment and directing plaintiff to furnish defendants' children, without charge, a free public education, including all necessary and essential instructional supplies. These two defendants cross-moved for summary judgment on their counterclaims. Special Term dismissed both the school district's complaint and the defendants' counterclaims. We affirm. While operating under an austerity budget the school district is not required to furnish instructional supplies to school children within the district free of charge. When such items are not considered "ordinary contingent expenses" within the meaning of section 2023 of the Education Law, the school district may "rent, sell or loan" them to the students (Education Law, § 701, subd 5; *Matter of Reiss v Abramowitz*, 39 AD2d 916). The fee schedule adopted by the plaintiff school district, however, is based neither upon the quantities of supplies actually used by defendants' children nor upon the voluntary purchase of such supplies by the parents or their children. Rather, defendants were simply billed under the fee schedule based upon what grade their child happened to be attending and regardless of the fact that defendants had never indicated their willingness to purchase these supplies for their children from the plaintiff school district. Subdivision 5 of section 701 of the Education Law does not authorize the imposition of a charge upon a parent who is unwilling to purchase school supplies through the school district (*Matter of Hasslacher*, 16 FDR 434). (Appeals from order and judgment of Wayne Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Hancock, Jr., and Witmer, JJ.